IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| THOMAS E. PEREZ,<br>SECRETARY OF LABOR,<br>U.S. DEPARTMENT OF LABOR,<br><br>      Plaintiff,<br><br>v.<br><br>CHANDULAL DHANANI, d/b/a<br>SH HOSPITALITY LLC and individually,<br>and NIRAJ DHANANI, individually,<br><br>      Defendants. | Case No. 13-1020-RDR |

### MEMORANDUM & ORDER

This matter comes before the court upon Plaintiff's Motion for Default Judgment (ECF No. 28) and Defendant's Motion to Set Aside Motion for Default Judgment and Motion to set aside Clerk's Entry of Default (ECF No. 32). For the reasons explained below, defendant's motion is granted.

**I.**    **Background**

On January 9, 2013, plaintiff filed a complaint for violations of the Fair Labor Standards Act (FLSA) of 1938. It seeks "to recover unpaid minimum wages and overtime compensation owing for Defendants' employees, together with an equal additional amount as liquidated damages, pursuant to section 16(c) of the Act."[1] Defendant, Mr. Chandulal Dhanani is a partial owner of SH Hospitality, a limited liability company organized in Arizona and at the time the complaint was filed, registered to do business in Kansas.[2] It operates two hotels in Wichita,

---

[1] Compl. at 1, ECF No. 1.

[2] Compl. at 2, ECF No. 1 (plaintiff states that it has subsequently forfeited its right to do business in Kansas by not filing annual reports. Pl.'s Resp. to Def. Chandulal Dhanani's Consolidated Mot. to Set Aside Clerk's Entry of Default and for Leave to Answer and in Resp. to Opp'n to Pl.'s Mot. for J. by Default).

Kansas.[3] Mr. Dhanani sets the payroll policies for SH Hospitality, and allegedly has failed to pay employees minimum wage or overtime at the rates required by the FLSA.[4]

Plaintiff states that it investigated Mr. Dhanani and made him aware of his obligations under the FLSA in 2009, but claims that he has not complied.[5] Plaintiff further alleges that Mr. Dhanani's continued violations show he is willfully violating the FLSA, and that the Act allows for a judgment permanently enjoining wage withholding, granting unpaid wages and overtime compensation to all current and former employees, and an equal liquidated damages judgment.[6]

After the complaint was filed plaintiff spent the next sixteen months or so attempting to serve the defendants. It requested waiver of service, but was denied. The U.S. Marshals attempted delivery several times,[7] and finally plaintiff hired private process servers. It had to file three extensions of time[8] before it finally achieved personal service on Mr. Chandulal Dhanani through a private process server.[9] It never achieved service on defendant Niraj Dhanani and agreed to dismiss him from the action.[10] On August 5, 2014, plaintiff moved for a clerk's entry of default against Mr. Chandulal Dhanani,[11] which was granted on August 6, 2014.[12]

---

[3] *Id.*

[4] Compl. at 4, ECF No. 1.

[5] *Id.*

[6] Compl. at 5, ECF No. 1.

[7] Summons Returned Unexecuted, ECF Nos. 6, 7, 9, 10, 12, 13, 17, 18, 19.

[8] Motion for extension of time for service of process, ECF No. 8; Second Motion for Extension of Time, ECF No. 14; Third Motion for Extension of Time, ECF No. 20.

[9] Summons Returned Executed, ECF No. 22.

[10] Resp. re Order to Show Cause at 3, ECF No. 26.

[11] Application for Clerk's Entry of Default, ECF No. 25.

On August 18, 2014, plaintiff moved for default judgment.[13] On September 10, 2014, attorney Forrest T. Rhodes, Jr. filed an entry of appearance on Mr. Dhanani's behalf,[14] and subsequently filed motions to set aside the motion for default and the clerk's entry of default.[15] Mr. Dhanani's attorney has since been allowed to withdraw, due to a disagreement that terminated their lawyer-client relationship. Currently, Mr. Dhanani appears *pro se*.[16]

## II. Defendant's motion to set aside default

Whether to set aside an entry of default is within the discretion of the trial court.[17] Fed. R. Civ. P. 55(c) allows the district court to set aside the entry of a default for good cause. The good cause standard is something less than the excusable neglect showing which must be made for relief from judgment under rule 60(b).[18] "Courts have generally applied three criteria to a determination of 'good cause' for setting aside an entry of default: (1) whether the default was the result of culpable conduct of the defendant (i.e. willful); (2) whether the plaintiff would be prejudiced if the default should be set aside; and (3) whether the defendant has presented a meritorious defense to plaintiff's claim."[19] Additionally the court should consider "the policy that defaults are disfavored because the law encourages decisions on the merits"[20] and "must

---

[12] Clerk's Entry of Default, ECF No. 25.

[13] Mot. for Default Judgment, ECF No. 28.

[14] Entry of Appearance, ECF No. 29.

[15] Mot. to Set Aside Mot. for Default Judgment, Clerk's Entry of Default, ECF No. 32.

[16] Mot. to Withdraw as Attorney, ECF No. 36; Order, ECF No. 35.

[17] *Meissner v. BF Labs Inc.*, No. 13-2617-RDR, 2014 WL 590377, at *1 (D. Kan. Feb. 14, 2014).

[18] *Id.*

[19] *Blue Moon Licensing, Inc. v. Gregorek*, No. 95-2006-JWL, 1995 WL 335416, at *2 (D. Kan. May 9, 1995).

[20] *Id.*

3

balance the interests of the [party against whom default is sought] in the adjudication of the case on the merits, against the interest of the public and the court in the orderly and timely administration of justice."[21] In close cases, doubts should be resolved in favor of deciding the case on the merits.[22] The Tenth Circuit provides that:

> [D]efault judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection . . . a workable system of justice requires that litigants not be free to appear at their pleasure.[23]

### A. Mr. Dhanani's culpability for the default

First, the court considers the defendant's culpability for the default. Conduct is culpable if it is wilful or without excuse.[24] Wilful conduct alone is sufficient to deny the motion to set aside default.[25] The court should consider whether the defendant was trying to stall litigation or was purposefully disregarding the authority of the court.[26] "A defendant's knowledge of the lawsuit and his post-service actions play a role in measuring the willfulness of a defendant's default."[27] "When a party has actual or constructive notice of a lawsuit, yet completely fails to

---

[21] *Kiewel v. Balabanov*, No. 10-2113-JTM, 2011 WL 1770084, at *2 (D. Kan. May 9, 2011) (internal quotations omitted).

[22] *Zawadski de Bueno v. Vueno Castro*, 822 F.2d 416, 421 (3d Cir. 1987).

[23] *Id.* (citing *In re Rains*, 946 F.2d 731, 732–33 (10th Cir. 1991)(quoting *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444–45 (10th Cir. 1983))).

[24] *Meissner*, 2014 WL 590377, at *1 (citing *U. S. v. Timbers Pres., Routt Cty, Colo.*, 999 F.2d 452, 454 (10th Cir. 1993).

[25] *Operation Eng'rs Local 101 Pension Fund v. Al Muelberger Concrete Constr., Inc.*, No. 13-2050-JAR, at *2 (D. Kan. Sept. 20, 2013).

[26] *Blue Moon Licensing, Inc.*, 1995 WL 335416, at *2.

[27] *Olivas v. Brentwood Place Apartments, LLC*, No. 09-4035-JAR, 2010 WL 2952393, at *2 (D. Kan. July 26, 2010) (citing *Jenkins & Gilchrist v. Groia & Co.*, 542 F.3d 114, 123 (5th Cir. 2008) ) (internal quotations omitted).

answer or otherwise communicate with the Court, defendant's failure is willful and demonstrates complete disregard for the authority of the Court."[28]

As a preliminary matter, Mr. Dhanani claims that he was not culpable for the default in this case, because he was never served.[29] Fed. R. Civ. P. 4(e) allows for service by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Mr. Dhanani claims that he was not aware of this case until after the clerk's entry of default on August 6, 2014.[30] He states that he retained counsel on September 8, 2014, and that since he became aware of the suit, he has participated.[31]

Plaintiff contends that Mr. Dhanani willfully caused the delay, making him culpable for the default.[32] It argues that plaintiff knew of the underlying dispute, because in October 2012 he filed a formal request for a hearing, leading to an administrative determination that he owed employees back wages for FLSA violations.[33] It also claims to have communicated with Mr.

---

[28] *Olivas v. Brentwood Place Apartments, LLC*, No. 09-4035-JAR, 2010 WL 2952393, at *2 (D. Kan. July 26, 2010) (citing *Crutcher v. Coleman*, 205 F.R.D. 581, 584 (D. Kan. 2001)) (internal quotations omitted).

[29] Def.'s Consolidated Mot. to Set Aside Clerk's Entry of Default and for Leave to Answer And Resp. In Opp'n to Pl.'s Mot. for J. by Default, ECF No. 32.

[30] *Id.* at 3, ECF No. 32.

[31] *Id.* at 6, ECF No. 32.

[32] Pl.'s Resp. to Def. Chandulal Dhanani's Consolidated Mot. to Set Aside Clerk's Entry of Default and for Leave to Answer and in Resp. to Opp'n to Pl.'s Mot. for J. by Default at 2, ECF No 33.

[33] *Id.*

5

Dhanani in early 2014 following a subsequent investigation into on-going violations. Plaintiff claims that Mr. Dhanani was on notice at the very latest in early 2014, because it warned him via e-mail that if he did not pay the updated amount of back-pay owed, then the plaintiff would add the updated amounts to the damages claim in this case.

Plaintiff further claims that Mr. Dhanani purposefully avoided service in this case causing the almost two year delay. In support of plaintiff's claim, it details its attempts to serve him.[34] On January 15, 2013 it sent defendants, at SH Hospitality's registered address, requests for waiver of service under Fed R. Civ. P. 4(d)(1). These requests, which included a copy of the complaint, were signed for by an employee.[35] Plaintiff received certification of delivery to the address, 1410 South Country Club Drive, Mesa, Arizona 85210, but Mr. Dhanani did not waive service. Next, the plaintiff moved the court to approve service by the United States Marshals Service, which attempted service several times at multiple addresses. Service was unsuccessful at both the South Country Club Drive address and the address listed on SH Hospitality's website under "contact us," 2034 E. Southern Avenue, Suite K, Tempe, Arizona 85282. Finally, plaintiff hired two private process servers. Plaintiff reviewed property records to locate Mr. Dhanani's personal residence, 4271 S. Iowa St., Chandler, Arizona 85248, and neighbors confirmed that Mr. Dhanani lived there. Despite seeing movement and lights on inside, the private process servers' attempts to serve Mr. Dhanani at home were unsuccessful. However, plaintiff claims that Tim Leidigh, one of the private servers, finally obtained service on Mr. Dhanani at his Mesa, Arizona Quality Inn. Mr. Leidigh and his employees visited the Quality Inn on seven separate occasions between March 17 and April 18, 2014. On April 18, 2014, Mr. Leidigh asked at the

---

[34] *Id.* at 2–3.

[35] *Id.* at 6.

front desk for Mr. Dhanani, at which point a man identified himself as Mr. Dhanani and asked how he could help. Mr. Leidigh handed him the summons and complaint. The individual refused to sign for the documents, but did not deny that he was the correct recipient. Plaintiff filed a notice of proof of service on Mr. Dhanani on April 28, 2014, which contains Mr. Leidigh's signed assertion that he served Mr. Dhanani at the South Country Club Drive Quality Inn, on April 18, 2014.[36] Additionally, attached to its response to Mr. Dhanani's motions, plaintiff filed Mr. Leidigh's affidavit that detailed his attempts and ultimate personal service on Mr. Dhanani.[37] Mr. Dhanani claims he was not in Mesa, Arizona on April 18, 2014.

After personal service in Arizona, "the sheriff's deputy or private process server must file a return of service, which creates a presumption of service" that can only be rebutted by clear and convincing evidence.[38] In this case there is a factual dispute about whether Mr. Dhanani was personally served, but the only evidence he presents that he was not served is his own statement that he was not served. The court does not find that Mr. Dhanani has proven by clear and convincing evidence that he was not served, and it is likely that he has evaded service for almost two years, making him culpable for the default. However, like other judges in this district, the court will consider the remaining two criteria.

### B. Prejudice to plaintiff

Second, the court considers whether the plaintiff will be prejudiced by vacating the clerk's entry of default. This factor considers "acts done by the moving party or events that have occurred which have in some way impaired or thwarted the non-moving party's ability to litigate

---

[36] Summons Returned Executed, ECF No. 22.

[37] Resp., ECF No 33-1, Affidavit of Tim R. Leidigh.

[38] *Washington Street Enterprises Arizona, L.L.C. v. Pellerito*, No. 13-0327, 2014 WL 3608817, at *2 (Ariz. Ct. App. July 10, 2014).

7

or defend the case."[39] In many cases the plaintiff has only suffered a slight delay in the progress of litigation, and this slight delay is not considered too burdensome.[40] Although, in some cases, the court has found longer delays prejudicial,[41] generally, delay alone is not sufficient to show prejudice. The non-moving party must show that any delay has actually hindered its ability to litigate the case.[42]

Plaintiff does not provide the court with any specific argument for prejudice besides delay and the difficulty it had in obtaining service on Mr. Dhanani. It does not suggest, for example, that witnesses or evidence are no longer available. This case is still in its very early stages procedurally, and therefore the court finds that this factor weighs in favor of setting aside default.

### C. Mr. Dhanani's defenses

The third factor does not "require that the [defendant] demonstrate likelihood of success on the merits, but rather, the party's averments need only plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense."[43]

As defenses, Mr. Dhanani suggests that he could claim a lack of service of process, and lack of personal jurisdiction resulting therefrom.[44] He would also challenge plaintiff's claim that

---

[39] *Super Film of America, Inc. v. UCB Films, Inc.*, No. 02-4146-SAC, 2004 WL 2413497, at *2 (D. Kan. Sept. 23, 2004) (citing *Int'l Bhd. of Elec. Workers, Local Union No. 313 v. Skaggs*, 130 F.R.D. 526, 529 (D. Del. 1990).

[40] *See e.g.*, *Meissner*, 2014 WL 590377, at *2 (where little time had passed between filing of the case and entry of default); *Blue Moon Licensing, Inc.*, 1995 WL 335416, at *2 (slight delay caused by defendant's miscalculation of answer deadline).

[41] *Cooper v. Regent Asset Mgmt. Solutions-Kansas, LLC*, No. 10-2634-JAR, 2012 WL 3238139, at * 2 (D. Kan. Aug. 7, 2012); *Olivas v. Brentwood Place Apartments, LLC*, No. 09-4035-JAR, 2010 WL 2952393, at *3 (D. Kan. July 26, 2010) (finding prejudicial the time and expense involved in litigating an action that is over a year old).

[42] *Kiewel v. Balabanov*, No.10-2113-JTM, 2011 WL 1770084, at *4 (D. Kan. May 9, 2011).

[43] *Blue Moon Licensing, Inc.*, 1995 WL 335416, at *2.

8

he willfully violated the FLSA which, if successful, would potentially give rise to a statute of limitations defense.[45]  A question exists as to whether Mr. Dhanani willfully violated the FLSA.  The court believes that the defendant's proposed challenges are adequate to meet the low burden presented by this third factor.  Defendant's motion to set aside the entry of default presents a close question.  After considering all criteria, the court concludes that good cause exists to set aside the entry of default.  Defendant's motion is granted.

### III.    Defendant's Motion for Leave to File his Answer Out of Time

Under the circumstances presented, the court finds excusable neglect exists and grants Mr. Dhanani leave to file a responsive pleading out of time.[46]  Mr. Dhanani shall file his pleading by **February 13, 2015**.  Further, he is advised that he is not excused from complying with the Federal Rules of Civil Procedure and the rules of this court although he is acting *pro se*.  Failure to comply may result in the imposition of sanctions.

In light of these findings, the court denies plaintiff's motion for default judgment (ECF No. 28) without prejudice.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Default Judgment (ECF No. 28) is denied without prejudice.

**IT IS FURTHER ORDERED** that Defendant's Motion to Set Aside Motion for Default Judgment and Motion to set aside Clerk's Entry of Default (ECF No. 32) is granted.

---

[44] Def.'s Consolidated Mot. to Set Aside Clerk's Entry of Default and for Leave to Answer And Resp. In Opp'n to Pl.'s Mot. for J. by Default at 4, ECF No. 32.

[45] Def.'s Consolidated Mot. to Set Aside Clerk's Entry of Default and for Leave to Answer And Resp. In Opp'n to Pl.'s Mot. for J. by Default at 5, ECF No. 32.

[46] *see, e.g.*, *Jetcraft Corp. v. Banpais, S.A. De C.V.*, 166 F.R.D. 483, 485 (D. Kan. 1996) (citing *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir.1995) allowing a district court to grant leave to answer out of time under Fed. R. Civ. P. 6(b) where the defendant shows failure to timely file was caused by excusable neglect).

Clerk's Entry of Default (ECF No. 25) is set aside.  Mr. Dhanani has up to and including **February 13, 2015** to file his responsive pleading.

    **IT IS SO ORDERED.**

    Dated this 3d day of February, 2015, at Topeka, Kansas.

                                             s/ K. Gary Sebelius\_\_\_\_
                                             K. Gary Sebelius
                                             U.S. Magistrate Judge