```
                  IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF KANSAS

THOMAS E. PEREZ,                      )
SECRETARY OF LABOR,                   )
U.S. DEPARTMENT OF LABOR,             )
                                      )
                  Plaintiff,          )
                                      )   CIVIL ACTION FILE
       v.                             )   No. 13-1020-RDR/KGS
                                      )
CHANDULAL DHANANI, d/b/a              )
SH Hospitality LLC and individually,  )
and NIRAJ DHANANI, individually,      )
                                      )
                  Defendants.         )
```

## MEMORANDUM AND ORDER

Plaintiff has brought this action alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. The complaint asserts that defendant Chandulal Dhanani d/b/a SH Hospitality LLC ("defendant") failed to pay employees of two Wichita, Kansas hotels the wages required by minimum wage and overtime compensation laws. The complaint claims that defendant was made aware of his obligations under the FLSA by a 2009 investigation of the United States Department of Labor and therefore that his continued violations of the statute are willful. A second defendant, Niraj Dhanani, has been dismissed from the case.

This case is now before the court upon plaintiff's second motion for default judgment. Doc. No. 44.

I. CASE HISTORY

This case was filed on January 9, 2013. The complaint alleges that:

> Since at least February 14, 2010, defendants . . . have failed and are failing to pay certain employees, for their employment in an enterprise engaged in commerce or in the production of goods for commerce, wages at rates not less than $7.25 per hour. Additionally, Defendants have employed and are employing certain employees in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer than forty hours, without compensating said employees for their employment in excess of forty hours in such workweeks at rates not less than one and one-half times the regular rates at which they were employed.

Doc. No. 1, p. 4. The complaint requests injunctive relief and a judgment granting recovery of unpaid minimum wages and unpaid overtime compensation due to defendants' current and former employees as well as an additional amount as liquidated damages. Id. at p. 5.

Through the first half of 2013, efforts were made by plaintiff's counsel and the U.S. Marshal's Service to serve process upon defendant Chandulal Dhanani, but these efforts were unsuccessful. Plaintiff's counsel sent certified mail requests for waiver of service of process to the registered address of SH Hospitality LLC in Mesa, Arizona. It appears that the requests were received because delivery was confirmed, but the waivers were not returned. The Marshall's Service attempted service at the same address and at an address in Tempe, Arizona which was listed on SH Hospitality's website under "Contact Us". When

2

this failed, plaintiff engaged the service of two private process serving companies. The first service company retained by plaintiff had no success and suggested that defendant was avoiding service. Service was attempted four times at 4271 S. Iowa St. in Chandler, Arizona which is the address defendant now lists with court. The process server indicated that in one instance no one answered the door even though the lights were on and there was movement inside.

Finally, according to a return of service document (Doc. No. 23) and an affidavit from the process server (Doc. No. 33-1), on April 18, 2014 another private process serving company executed service upon defendant at an Arizona hotel operated by defendant. The process server stated that he made service upon a man who identified himself as Sam Dhanani and that he matched a description of defendant. The process server also stated that the person he served did not deny that he was defendant. This occurred after several failed efforts to make service upon defendant at his residence and at a hotel he operated.

Defendant did not file a timely answer to the complaint. On August 5, 2014, plaintiff filed an application for a Clerk's entry of default which was granted the following day. Doc. Nos. 25 and 26. On August 18, 2014, plaintiff filed his first motion for default judgment.

3

On September 10, 2014, an attorney entered an appearance on behalf of defendant in this case and filed a motion for an extension of time to respond to the motion for default judgment. Doc. Nos. 29 and 30. An extension of time was granted (Doc. No. 31) and defendant filed his motion to set aside the clerk's entry of default and motion for time to file an answer in this case on October 3, 2014. After that, defendant's attorney withdrew from the case. Doc. No. 37. The attorney stated that he had difficulty receiving confirmation that defendant received his written and emailed correspondence regarding the motion to withdraw, but he affirmed that he had orally informed defendant of the status of this case. Doc. No. 36 – Exhibit A.

Defendant asserted in a declaration filed September 10, 2014 (Doc. No. 30-1) that he first learned of this lawsuit in early August 2014 and that he was never served with process on April 18, 2014. He claimed that he was in Phoenix and Chandler, Arizona on that day – not in Mesa, Arizona where the process server claimed defendant was served with process. He asserted that he spent time in August and early September 2014 attempting to retain counsel for his defense. Defendant did not explain how he first learned of this lawsuit.

United States Magistrate Judge Sebelius issued a memorandum and order dated February 3, 2015 which denied defendant's first motion for default judgment and set aside the entry of default.

4

Doc. No. 39. Judge Sebelius found that defendant did not prove with clear and convincing evidence that he was not served and that it was likely that he had evaded service for almost two years, making him culpable for the default. Id. at p. 7. He determined, however, that plaintiff had not made a strong argument that defendant's conduct had caused plaintiff any prejudice and that defendant had plausibly suggested potential defenses to plaintiff's claims. Id. at pp. 8-9. On that basis, Magistrate Judge Sebelius denied the first motion for default judgment without prejudice, granted the motion to set aside the Clerk's entry of default, and granted defendant time up to and including February 13, 2015 to file a responsive pleading.

This order was mailed to defendant via certified mail to the address of record with the court. The order was returned unclaimed. Doc. No. 40. As plaintiff has noted, Local Rule 5.1(c)(3) sets forth that "Each attorney or pro se party must notify the clerk in writing of any change of address or telephone number. Any notice mailed to the last address of record of an attorney or pro se party is sufficient notice."

Defendant did not file a responsive pleading by February 13, 2015. Upon plaintiff's application, a second clerk's entry of default was docketed as to defendant. Doc. Nos. 42 and 43. Plaintiff filed a second motion for default judgment on April 1, 2015.

In a letter dated April 22, 2015 addressed to Magistrate Judge Sebelius and plaintiff, and received by the Court on April 27, 2015, defendant wrote as follows:

> Regarding [this case], I did not receive any information as I do not have any control or interest in SH Hospitality, LLC.
>
> See the enclosed copy of Arizona Corporation Commission proof of ownership.  I am not personally responsible for this case.  Payroll records are in Wichita, KS which are under control of Owner and Management for SH Hospitality, LLC in Wichita, KS.
>
> I have not been in Wichita, KS for several years and have nothing to do with payroll or wages.  I am traveling and out of country all the time.
>
> Please understand that I am not responsible for this case for the above stated reasons.  I thank you for your prompt attention to this matter.

The referenced Arizona Corporation Commission records are dated April 21, 2015 and last updated April 1, 2015.  The records indicate that Hemlataben Dhanani is the manager/member of SH Hospitality, LLC and that this person was appointed to that position on February 27, 2015.

II. DEFENDANT'S REQUEST TO SET ASIDE THE ENTRY OF DEFAULT SHALL BE DENIED.

In reaching our decision in this matter we construe defendant's pro se pleadings liberally, but we do not assume of the role of advocate for the pro se litigant.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  Nor do we exempt pro se

6

litigants from the same rules of procedure that govern other litigants. Hall v. Witteman, 584 F.3d 859, 864 (10th Cir. 2009).

The court shall treat defendant's letter dated April 22, 2015 as a motion to set aside the entry of default. Good cause must be shown to set aside an entry of default. FED.R.CIV.P. 55(c). As Judge Sebelius noted in his recent order, "[c]ourts have generally applied three criteria to a determination of 'good cause' for setting aside an entry of default: (1) whether the default was the result of culpable conduct of the defendant (i.e. willful); (2) whether the plaintiff would be prejudiced if the default should be set aside; and (3) whether the defendant has presented a meritorious defense to plaintiff's claim." Doc. No. 39 at p. 3 (quoting Blue Moon Licensing, Inc. v. Gregorek, 1995 WL 335416 *2 (D.Kan. 5/9/1995)); see also, Crutcher v. Coleman, 205 F.R.D. 581, 583 (D.Kan. 2001). If the default resulted from defendant's culpable conduct, this alone may justify a refusal to set aside the default. Hunt v. Ford Motor Co., 1995 WL 523646 *3 (10th Cir. 8/29/1995); Fink v. Swisshelm, 185 F.R.D. 353, 357 (D.Kan. 1999). A defendant's conduct is considered culpable if he has defaulted willfully or has no excuse for the default. Id. A defendant's conduct may be considered culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to

7

answer. <u>Alan Neuman Productions, Inc. v. Albright</u>, 862 F.2d 1388, 1392 (9th Cir. 1988) <u>cert. denied</u>, 493 U.S. 858 (1989).

The court also recognizes, as detailed in the prior order from Judge Sebelius, that the decision to set aside an entry of default is discretionary with the court. <u>Meissner v. BF Labs Inc.</u>, 2014 WL 590377 *1 (D.Kan. 2/14/2014). In making this decision, the court is mindful that defaults are disfavored because the law encourages decisions on the merits, and that the court must balance the interests of both sides as well as the interests of the public and the court in the orderly and timely administration of justice. Doc. No. 39 at p.4 (quoting <u>Kiewell v. Balabanov</u>, 2011 WL 1770084 *2 (D.Kan. 5/9/2011).

Defendant has not shown good cause to set aside the second entry of default. Judge Sebelius found that defendant was culpable for the first entry of default because he had likely evaded service for almost two years. Doc. No. 39 at p. 7. Defendant's culpability is greater now. He has obviously been aware of the litigation. He has asked for and received relief from the court. But, he has failed to maintain his responsibility to participate in the litigation and to follow the court's direction to file a responsive pleading by February 13, 2015. Consequently, the interests of plaintiff and the public in the prompt administration of justice have been harmed and plaintiff has been required to retrace his steps in filing

status reports and pleadings related to default judgment. Defendant's most recent pleading makes some bare denials of responsibility which are not supported by any sworn statement or authenticated document. The records defendant has submitted from the Arizona Corporation Commission do not relate to the time period of the damages allegations in plaintiff's complaint and plaintiff's proposed judgment. Nor do the records prove that defendant will not act in concert with others to violate FLSA. In sum, defendant's statement and the attached records are not adequate to show a meritorious defense. See Wehrs v. Wells, 688 F.3d 886, 890-91 (7th Cir. 2012)(general denials without factual support are insufficient); Stephenson v. El-Batrawi, 524 F.3d 907, 914 (8th Cir. 2008)(refusing to vacate entry of default where movant did not supply facts or evidence to support claimed defenses); Fink, 182 F.R.D. at 633 (D.Kan. 1998)(rejecting motion to set aside entry of default which does not cite facts to support tendered defense); see also Gomes v. Williams, 420 F.2d 1364, 1366 (10th Cir. 1970)(rejecting Rule 60(b) motion supported only by mere allegations of a defense). Defendant's pleading also offers no adequate excuse for defendant's failure to engage in this litigation.

Considering all of the circumstances, the court shall not vacate the entry of default.

III. PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT SHALL BE GRANTED.

After considering the allegations in the complaint and the affidavit of Shannon Rebolledo, the court finds that defendant has willfully violated FLSA by failing to pay minimum wage amounts and overtime compensation due under the statute. The court shall direct that default judgment be entered against defendant as follows.

IT IS ORDERED, ADJUDGED, and DECREED that Defendant Chandulal Dhanani, his officers, agents, servants, employees, and those persons in active concert or participation with him who receive actual notice of this judgment be, and each of them hereby is, permanently enjoined and restrained from violating the provisions of section 15(a)(2) of the FLSA, as amended (29 U.S.C. § 201 *et seq.*), in the following manner:

Defendant Chandulal Dhanani shall not, contrary to Sections 6 and 15(a)(2) of the FLSA, pay certain employees, for their employment in an enterprise engaged in commerce or in the production of goods for commerce, wages at rates less than $7.25 per hour.  Nor shall Defendant Chandulal Dhanani, contrary to Sections 7 and 15(a)(2) of the Act, employ any of his employees in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than forty hours without compensating such employee for his or her employment in excess

of forty hours per workweek at a rate not less than one and one-half times the regular rate at which he or she is employed.

It is further ORDERED, ADJUDGED, and DECREED that the Secretary shall recover from Defendant Chandulal Dhanani the sum of $4,412.63 in unpaid minimum wages and overtime compensation, and for an equal additional amount as liquidated damages, representing the amount of unpaid minimum wage and overtime compensation owed to certain SH Hospitality employees for their work between February 7, 2010 and February 15, 2014. Defendant Chandulal Dhanani shall deliver to the U.S. Department of Labor, Wage and Hour Division, P.O. Box 2638, Chicago, Illinois 60690-2638 , a certified or cashier's check made payable to "Wage and Hour – Labor" in the amount of $8,825.26. Defendant shall furnish with the check his federal tax identification numbers and the social security number and last known address for each employee named in Appendix A of this Order. Upon receipt of full payment from Defendant, the Secretary's counsel shall file with the Court a certificate of payment and representatives of the Secretary shall distribute such amounts less appropriate deductions for federal income withholding taxes and the employees' share of the social security (F.I.C.A.) tax to the employees or their legal representative as their interests may appear, in accordance with the provisions of section 16(c) of the FLSA. Defendant Chandulal Dhanani remains responsible for

11

the employer's share of F.I.C.A. arising from or related to the back wages distributed by the Secretary.

IT IS FURTHER ORDERED that each party shall bear his, her, or its own costs, fees and other expenses incurred by such party in connection with any stage of this proceeding.

Dated this 27th day of MAY, 2015.

s/RICHARD D. ROGERS__
U.S. District Court Judge
